UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSCAR ORTEZ, on his own behalf, and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>vs.<br><br>BETA ELECTRIC ELP. LLC, and all other affiliated entities and/or joint employers, all whose true names are unknown, DOUGLAS TARNOPOLL, Individually,<br><br>Defendants. | Civil Action No.:<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff OSCAR ORTEZ ("Plaintiff" or "Named Plaintiff" or "Ortez"), by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Class and Collective Action Complaint against Defendants, BETA ELECTRIC ELP, LLC, and all other affiliated entities and/or joint employers (collectively "Granite Beta"), and DOUGLAS TARNOPOLL,, Individually ("Tarnopoll") (collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1.  Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. and the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL") and associated provisions of the New Jersey Administrative Code ("NJAC"), as well as the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 et. seq. ("NJWPL").

2.  Plaintiff brings this lawsuit against Defendants as a collective and class action on behalf of himself and all other persons similarly situated – non-exempt electrical job repair and

1

installation laborers - who suffered damages as a result of Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b) and as a class action pursuant to Fed.R.Civ.P. Rule 23, the NJWH and the NJWPL.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJWPL claims as well as his breach of contract action, pursuant to 28 U.S.C. §§ 1332 and 1367.

5. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times material hereto, Plaintiff performed non-exempt electrical job repairs and installation duties for Defendants on job sites throughout New Jersey. These Defendants are therefore within the jurisdiction and venue of this Court.

7. Upon information and belief, at all times material hereto, employees similarly situated to Plaintiff, non-exempt electrical job repair and installation laborers, performed work for Defendants.

8. At all times pertinent to this Complaint, the corporate Defendant was and is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s), buying tools and products used in the entity's daily work, these tools and products having moved through interstate commerce.

9. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products which moved through interstate channels so as to

produce an end product for the corporate Defendant's consumers. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

10. Plaintiff Ortez is an adult individual who is a resident of Elizabeth, New Jersey.

11. Plaintiff Ortez became employed by Defendants, full-time, as a non-exempt electrical job repair and installation laborer, in or about 2013, and worked for Defendants throughout New Jersey until in or about the end of March 2023.

12. Upon information and belief, Defendant, Beta is headquartered in Sparta, New Jersey.

13. Upon information and belief, at all times relevant to this Complaint, the Defendant, Beta, employs individuals to perform labor services on its behalf.

14. Upon information and belief, at all times relevant to this Complaint, the Defendant, Beta's, annual gross volume of sales made or business done was not less than $500,000.00.

15. Upon information and belief, Individual Defendant Tarnopoll is a New Jersey state resident.

16. Upon information and belief, at all times relevant to this Complaint, individual Defendant Tarnopoll has been an owner, partner, officer and/or manager of Defendant, Beta.

17. Upon information and belief, at all times relevant to this Complaint, individual Defendant Tarnopoll has had power over personnel decisions at the Defendant, Beta, business.

18. Individual Defendant Tarnopoll was regularly present at Defendant's premises and job sites, and managed the day-to-day operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

## CLASS AND COLLECTIVE ALLEGATIONS

19. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and as a class action pursuant to Rule 23.

20. This action is brought on behalf of Named Plaintiff and a putative collective class consisting of similarly situated employees who performed work for Defendants.

21. The Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of the Defendants' common policy and/or plan to violate the FLSA, NJWHL, and NJWPL, by failing to provide overtime wages, at the rate of one- and one-half times the regular rate of pay, for all time worked in excess of 40 hours in any given week, pursuant to 29 U.S.C. § 207.

22. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 50 employees. In addition, the names of all potential members of the putative class are not known.

23. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and the putative class members were all subject to Defendants' policies and willful practices of failing to pay employees all earned overtime wages. The Named Plaintiff and the putative class members thus have sustained similar injuries as a result of Defendants' actions.

24. Upon information and belief, Defendants uniformly apply the same employment policies, practices, and procedures to all employees who work at the Defendants' locations.

25. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

27. This action is properly maintainable as a collective action pursuant to § 216(b) of the FLSA.

28. Plaintiff's claims under the NJWHL and NJWPL are properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

29. A class action under Rule 23 and a collective action under § 216(b) also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## **FACTS**

30. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for all hours he worked in a work week.

31. Plaintiff routinely generally worked fifty (50) to fifty-five (60), and sometimes more, hours per work week.

32. Until just before his separation from employment with Defendants, Plaintiff Ortez was paid $32.00 per hour for most hours worked.

33. Upon information and belief, Plaintiff Ortez was not compensated at one- and one-half times his regular rate of pay for his hours worked in excess of forty (40), which he routinely worked every week.

34. Plaintiff was not always paid for all hours worked.

35. Plaintiff's job duties were neither managerial in nature nor did they involve any discretion over major decisions involving Defendants' business.

36. Upon information and belief, like Plaintiff, employees similarly situated to Plaintiff Cruz, were also compensated improperly by Defendants.

37. Upon information and belief, Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, NJWHL and NJWPL, as described in this Complaint.

38. At all times material hereto, Plaintiff Ortez and all similarly situated employees, performed their duties for the benefit of and on behalf of Defendants.

39. This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), as well as applicable provisions of NJWHL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

40. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and NJWPL, in that Plaintiff Sanchez performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff Ortez and other similarly situated employees compensation to which they were lawfully entitled for those hours worked in excess of forty (40) within a work week.

41. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt granite installation laborers who were not properly compensated for those hours worked in excess of forty (40) hours in one or more work periods, who were employed by Defendants at any time on or after August 6, 2019.

42. Plaintiff Cruz has retained the law office of Jaffe Glenn Law Group, P.A. to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff Cruz is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

43. Plaintiff Ortez re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 42 above.

44. Plaintiff Ortez is entitled to be paid additional compensation for each overtime hour worked per work period.

45. Defendants knowingly and willfully failed to pay Plaintiff Ortez at time and one half of his regular rate of pay for all of his overtime hours worked in a work period.

46. All similarly situated employees of the Defendants are also owed overtime pay for their overtime hours they worked and were not properly paid.

47. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff Ortez and those similarly situated employees have suffered damages plus incurring costs and reasonable attorneys' fees.

48. As a result of Defendants' willful violations of the Act, Plaintiff Ortez and those similarly situated employees are entitled to liquidated damages.

## COUNT II
## RECOVERY OF OVERTIME WAGES
## PURSUANT TO THE NJWHL

49. Plaintiff Ortez re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 48 above.

50. Defendants' aforementioned conduct is in violation of the NJWHL.

51. As a direct and proximate cause of Defendants' actions, Plaintiff Ortez and those similarly situated employees suffered damages, including but not limited to past, lost earnings.

52. As a result of Defendants' violations, Plaintiff Ortez and similarly situated employees, are entitled to liquidated damages as directed pursuant to the NJWHL.

## COUNT III
## RECOVERY OF COMPENSATION
## PURSUANT TO THE NJWPL

53. Plaintiff Ortez re-alleges, and incorporates here by reference, all allegations contained in Paragraphs 1 through 52 above.

54. Defendants' aforementioned conduct is in violation of New Jersey State Wage Payment Law. N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to pay Plaintiff Cruz for all hours worked.

55. As a direct and proximate cause of Defendants' actions, Plaintiff Ortez and those similarly situated employees suffered damages, including but not limited to past lost earnings.

56. As a result of Defendants' violations, Plaintiff Ortez and similarly situated employees, are entitled to liquidated damages as directed pursuant to the NJWPL.

## JURY TRIAL

57. Plaintiff Ortez and similarly situated employees demand a jury trial.

WHEREFORE, Plaintiff, OSCAR ORTEZ, and those similarly situated employees, demand judgment, against Defendants BETA ELECTRIC ELP, LLC, and all other affiliated entities and/or joint employers, all whose true names are unknown, and DOUGLAS TARNOPOLL, Individually, for the payment of overtime hours due them, for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: July 11, 2023                                Respectfully submitted,

**JAFFE GLENN LAW GROUP, P.A.**

/s Andrew I. Glenn
Andrew I. Glenn, Esq.
E-mail: aglenn@jaffeglenn.com
Jodi J. Jaffe, Esq.
E-mail: jjaffe@jaffeglenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiffs*