UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSCAR ORTEZ, on his own behalf, and on behalf of all similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>BETA ELECTRIC ELP, LLC, and all other affiliated entities and/or joint employers, all whose true names are unknown,<br>DOUGLAS TARNOPOLL, Individually,<br><br>Defendants. | Civil Action No. 23-cv-3693 (JXN)(MAH)<br><br>**OPINION** |

**NEALS**, District Judge:

This matter comes before the Court on Plaintiff Oscar Ortez ("Ortez") and Opt-In Plaintiffs Javier Sorto ("Sorto"), Kelvin Ricardo Flores ("Flores"), David Osorto ("Osorto"), and Franklin Castellanos's ("Castellanos") (collectively, "Plaintiffs") unopposed motion for default judgment against Defendants Beta Electric ELP, LLC ("Beta Electric"), and Douglas Tarnopoll ("Tarnopoll") (collectively, "Defendants"), pursuant to the Federal Rules of Civil Procedure 55(b) (ECF No. 20). The Court has carefully considered Plaintiffs' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons stated below, Plaintiffs' motion for default judgment (ECF No. 20) is **GRANTED**. Plaintiffs are entitled to the following damages: (i) Ortez is awarded $136,800.00, which is comprised of $45,600.00 in unpaid overtime compensation and $91,200.00 in liquidated damages; (ii) Sorto is awarded $57,750.00, which is comprised of $28,875.00 in unpaid overtime compensation and $28,875.00 in liquidated damages; (iii) Flores is awarded $45,540.00, which is comprised of $22,770.00 in unpaid overtime compensation and $22,770.00 in liquidated damages;

(iv) Osorto is awarded $32,760.00, which is comprised of $16,380.00 in unpaid overtime compensation and $16,380.00 in liquidated damages; and (v) Castellanos is awarded $47,190.00, which is comprised of $23,595.00 in unpaid overtime compensation and $23,595.00 in liquidated damages. The Court **RESERVES** decision on attorneys' fees and costs pending the Court's review and receipt of supplemental submissions as instructed herein.

## I. BACKGROUND

According to the Amended Complaint, Beta Electric is headquartered in Sparta, New Jersey and Tarnopoll is a New Jersey resident. (ECF No. 10) ("Amended Complaint" or "Am. Comp.") ¶¶ 12, 15). Defendants own and operate an electrical installation and repair company and perform jobs throughout the state of New Jersey. (*Id.* at ¶ 6).

From "in or about 2013" through "in or about the end of March 2023", Ortez served as a full-time employee of Defendants, where he performed "a non-exempt electrical job repair and installation duties." (*Id.* at ¶ 11). According to the Amended Complaint, "employees similarly situated to [Ortez], non-exempt granite installation laborers, performed work for Defendants." (*Id.* at ¶ 7). Ortez "generally worked for Defendants fifty (50) to fifty-five (55) hours per work week" and "was paid $32.00 per hour for all hours worked." (*Id.* at ¶¶ 31-32). However, Defendants routinely failed to compensate employees who worked beyond forty hours per week at one-and-one half time the employee's regular rate of pay. (*Id.* at ¶¶ 33, 36).

Ortez commenced the instant action by filing a Class and Collective Action Complaint on July 11, 2023. (ECF No. 1). On July 19, 2023, Ortez served the Complaint and summons to Beta Electric's registered agent. (ECF No. 3-1). On July 24, 2023, Ortez served the Complaint and summons to Tarnopoll at his residence, which was delivered to his mother-in-law, a household resident. (ECF No. 3-2). On October 26, 2023, after Defendants' time to answer or otherwise

respond expired, Ortez requested that the Clerk of Court enter default against Defendants, which was entered on October 30, 2023. (ECF No. 6-7).

On November 10, 2023, Sorto and Flores filed notices of their consent to join this matter as Plaintiffs. (ECF Nos. 8-1, 8-2). Thereafter, on November 13, 2023, Osorto and Castellanos filed notices of their consent to join as Plaintiffs. (ECF Nos. 9-1, 9-2).

On June 5, 2024, Plaintiffs filed an Amended Class and Collective Action Complaint. (Am. Compl.). The Amended Complaint raises three causes of action: (i) unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count I); (ii) unpaid overtime wages under the New Jersey State Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56, *et seq.* (Count II); and (iii) failure to fully pay wages due in violation of the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. Ann. § 34:11-4.1, *et seq.* (Count III). (*Id.*) On June 10, 2024, Beta Electric was served the Amended Complaint via their Registered Agent. (ECF No. 11-1). On June 13, 2024, Tarnopoll was served the Amended Complaint at his residence, which was delivered to his mother-in-law, a household resident. (ECF No. 11-2).

Thereafter, on November 6, 2024, the Court filed a Notice of Call for Dismissal for November 13, 2024. (ECF No. 12). On November 10, 2024, and December 20, 2024, Plaintiffs requested the Court to extend the dismissal date. (ECF Nos. 13, 14). On December 20, 2024, and January 15, 2025, Plaintiffs requested that the Clerk of Court enter default against Defendants, which was entered on January 13, 2025. (ECF Nos. 15, 17, 18).

On January 15, 2025, Plaintiffs filed a motion for default judgment against Defendants. (ECF No. 20) ("Br."). Defendants have not filed a responsive pleading to the Amended Complaint. Further, Defendants have not requested an extension of time to respond. This matter is ripe for consideration.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs default proceedings and permits a plaintiff, following entry of default, to seek default judgment against a defendant who fails to answer or otherwise respond to a pleading. Fed. R. Civ. P. 55(b). The Court may enter default judgment under Federal Rule of Civil Procedure 55(b)(2) against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). Although cases are to be decided on their merits where practicable, whether to grant a motion for default judgment is "largely a matter of judicial discretion." *Id.* In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Id.* at 535-36 (citation modified).

Before granting default judgment, "the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citation modified). Additionally, the Court must "'(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages.'" *Super 8 Worldwide, Inc. v. Mahesh, Inc.*, No. 18-16336, 2019 WL 3244878, at *2 (D.N.J. July 19, 2019) (quoting *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015)). "Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages." *Moroccanoil*,

2015 WL 6673839, at *1 (citing *Comdyne, I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). Further, the Court must "make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

### III.   DISCUSSION

#### A. Default Judgment is Granted Because Defendants Did Not Answer the Amended Complaint and Plaintiffs Have Pled Plausible Claims of Action.

##### i.   The Court Has Jurisdiction Over Defendants.

"Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide Inc. v. Benton Habor Hari Ohm, L.L.C.*, No. 05-3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)). As set forth below, this Court has both subject matter and personal jurisdiction over this action.

##### 1.   Subject Matter Jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also HICA*, 2015 WL 273656, at *2. Here, one of the causes of action pled in the Amended Complaint is based on the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, thus the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (*See* Compl. ¶ 1).

Federal courts may exercise supplemental jurisdiction over state law claims when there is an independent basis for subject matter jurisdiction, such as federal question jurisdiction or

diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1367(a). Particularly, courts may exercise supplemental jurisdiction over state law claims that form "part of the same case or controversy." *See id.*; *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("The state and federal claims must derive from a common nucleus of operative fact."). The NJWHL and NJWPL claims are premised on the same allegations of the FLSA claim, namely, Defendants' alleged failure to compensate Plaintiffs of their overtime pay, thus the New Jersey wage and hour state law claims "derive from a common nucleus of operative fact" pursuant to 28 U.S.C. § 1367 and supplemental jurisdiction is appropriate. *Gibbs*, 383 U.S. at 725.

Thus, the Court finds it has subject matter jurisdiction over this action.

### 2. Personal Jurisdiction

As for personal jurisdiction, "[t]here are two distinct theories under which personal jurisdiction can arise: general and specific." *Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 821 (D.N.J. 2021). "A court has general jurisdiction when a defendant has 'continuous and systematic' contacts with the forum state." *Id.* (quoting *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007)). "A court has specific jurisdiction when a plaintiff[']s claim arises from a defendant's actions within the forum state, such that the defendant could 'reasonably anticipate being haled into [the state's] court[s].'" *Id.* (quoting *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prodcs. Co.*, 75 F.3d 147, 151 (3d Cir. 1996)).

Here, the Court has general jurisdiction over Defendants due to their employment practices and residency in New Jersey. *See Cabreja v. Marco & Fam. Tires Auto Mechanic* LLC, No. 23-231, 2025 WL 1688358, at *3 (D.N.J. June 16, 2025) ("'[F]or the purposes of general personal jurisdiction, a limited liability company's citizenship is that of its principal place of business and state of [formation].'" (quoting *Rodriguez Rivera v. Loto Grp.,* LLC, No. 20-4062, 2020 WL

7384720, at *1 (D.N.J. Dec. 16, 2020))); *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) ("[A]n individual's domicile, or home, constitutes the paradigmatic forum for the exercise of general jurisdiction.") (citation modified). According to the Amended Complaint, Beta Electric is headquartered in Sparta, New Jersey. (Am. Compl. ¶ 12). Additionally, Beta Electric "transacts business and employed Plaintiffs and similarly situated employees as non-exempt electrical job repair and installation laborers within the state of New Jersey." (*Id.* at ¶¶ 6, 8). Likewise, Tarnopoll is a New Jersey resident, who owns and/or operates and/or is a member and manages BETA Electric. (*Id.* at ¶¶ 15-16, 18).

Thus, the Court finds that it has personal jurisdiction over the Defendants.

    **ii.**     <u>**Plaintiffs Properly Served Defendants with the Amended Complaint.**</u>

"'Before the Court can enter default judgment, it must find that process was properly served on the Defendant.'" *Maretz v. Grabato*, No. 22-4045, 2023 WL 3098486, at *1 (D.N.J. Apr. 26, 2023) (quoting *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-0624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011)). Federal Rule of Civil Procedure 4(e) provides four methods for effecting service in a district court: (1) personal service upon the individual; (2) leaving a copy at the individual's dwelling or place of abode with someone of a suitable age who resides there; (3) delivering the summons and complaint to the party's legal agent; or (4) serving the defendant in accordance with the state laws where the district court sits or where service is made. Fed. R. Civ. P. 4(e). Further, a limited liability company may be properly served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B).

Here, Plaintiffs have provided sufficient proof of service on Defendants. On June 10, 2024, the Amended Complaint was served to Beta's registered agent pursuant to Federal Rule of Civil Procedure 4(h)(1)(B). (ECF No. 11-1). On June 13, 2024, the Amended Complaint was served to Tarnopoll at his home through his mother-in-law, who personally received the Amended Complaint, pursuant to Federal Rule of Civil Procedure 4(e)(2)(B). (ECF No. 11-2).

Therefore, the Court finds service was proper.

### iii. The Amended Complaint Adequately Sets Forth Causes of Action Against Defendants.

Having considered the threshold issues of jurisdiction and service of process, the Court turns to the sufficiency of Plaintiffs' FLSA, NJWHL, and NJWPL claims.

#### 1. FLSA and NJWHL Violation

"'The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)). Under the FLSA, employers must pay their employees at least a specified minimum hourly wage for work performed, and an employee who works more than forty hours in a single workweek must be paid for hours worked in excess of forty hours "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); 29 U.S.C. § 206. "To state a prima facie claim under the FLSA, a plaintiff must allege that (1) he was an employee of the defendant; (2) the defendant was 'engaged in commerce'; and (3) the defendant failed to pay the federal minimum wage or overtime compensation for hours worked in excess of forty in a given week." *Morales v. Aqua Pazza LLC*, No. 20-6690, 2022 WL 1718050, at *3 (D.N.J. May 27, 2022) (quoting *Perez v. Express Scripts, Inc.*, No. 19-7752, 2020 WL 7654305, at *2 (D.N.J. Dec. 23, 2020)).

"The NJWHL is the New Jersey state equivalent of the FLSA, it requires employers to compensate employees at a wage rate no less than the federal minimum set by the FLSA." *Cohen v. BH Media Grp., Inc.*, 419 F. Supp. 3d 831, 847 (D.N.J. 2019) (citing N.J. Stat. Ann. § 34:11-56a(4)). The NJWHL "establishes a minimum wage for employees and the overtime rate for each hour of work in excess of forty hours in any week[,]" *Hargrove v. Sleepy's, LLC*, 106 A.3d 449, 463 (N.J. 2015) (citing N.J. Stat. Ann. § 34:11-56a4), "and authorizes the filing of a civil action against an employer by an employee who is not paid in accordance with the statute's requirements." *Cruz v. Aspen Landscaping Contracting, Inc.*, 2024 WL 5230483, at *7 (N.J. Super. Ct. App. Div. Dec. 27, 2024) (citing N.J. Stat. Ann. § 34:11-56a25). "'The Supreme Court of New Jersey has recognized the similarity between the statutes, adding that [s]tatutes addressing similar concerns should resolve similar issues . . . by the same standard.'" *Cohen*, 419 F. Supp. 3d at 847 (quoting *Brunozzi v. Crossmark, Inc.*, No. 13-4585, 2016 WL 112455, at *5 (D.N.J. Jan. 11, 2016)). Therefore, the Court will analyze Plaintiff's FLSA and NJWHL claims simultaneously.

The FLSA and NJWHL also provide for individual liability against employers. *Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co.*, No. 16-8772, 2018 WL 1027446, at *2 (D.N.J. Feb. 23, 2018); *Rong Chen v. Century Buffet and Rest.*, No. 09-1687, at *2-3 (D.N.J. Jan. 12, 2012); *see also* 29 U.S.C. § 203(d) (defining "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee"); N.J. Stat. Ann. § 34:11-56a1(g) (defining "employer" as "any individual . . . acting directly or indirectly in the interest of an employer in relation to an employee"). "Courts employ a broad interpretation of 'employer' within the context of the FLSA as to effectuate the FLSA's liberal, remedial purposes." *Santiago v. Lucky Lodi Buffet Inc.*, No. 15-6147, 2016 WL 6138248, at *2 (D.N.J. Oct. 21, 2016) (citation modified). The determination of whether an individual is an employer turns on that individual's control, and courts

consider whether the individual: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (citing *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 25 (E.D.N.Y. 2015)).

Applying these standards, the Court concludes that Ortez's unchallenged allegations establish violations of the FLSA and NJWHL by both Defendants. Plaintiffs alleges that Ortez was employed by Defendants from "in or about 2013 . . . until in or about the end of March 2023." (Am. Compl. ¶¶ 7, 11). During that time, Ortez alleges that he "generally worked fifty (50) to fifty-five (55)[] hours per work week" but "was not compensated at one- and one-half times his regular rate of pay for his hours worked in excess of forty (40), which he routinely worked each week." (*Id.* at ¶¶ 31, 33). Ortez further alleges that Beta Electric "engaged in interstate commerce or in the production in interstate goods for commerce" by "buying tools and products used in [Beta Electric]'s daily work, these tools and products having moved through interstate commerce." (*Id.* at ¶ 8). "These allegations, when accepted as true, are sufficient for the Court to find that Plaintiff[s] ha[ve] stated viable causes of action for violations of the FLSA and NJWHL" against Beta Electric. *Jian Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, No. 18-10359, 2019 WL 6318341, at *2 (D.N.J. Nov. 26, 2019); *see also Lurty v. 2001 Towing & Recovery, Inc.*, No. 18-6302, 2019 WL 3297473, at *3 (D.N.J. July 23, 2019).

As to Tarnopoll, Plaintiffs sufficiently plead that Tarnopoll was his "employer" under 29 U.S.C. § 203(d) and N.J. Stat. Ann. § 34.11-56a1(g). According to the Amended Complaint, Tarnopoll "has been an owner, partner, officer and/or manager of" Beta Electric and "has had power over personnel decisions" at Beta Electric. (Am. Compl. ¶¶ 16-17). Additionally, Tarnopoll "was regularly present at [Beta Electric]'s premises and job sites, and managed the day-to-day

10

operations, controlled the employees, pay practices and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment." (*Id.* at ¶ 18). These facts sufficiently allege that Tarnopoll was Plaintiff's employer pursuant to the FLSA and NJWHL.

Accordingly, Plaintiffs state viable claims under the FLSA and NJWHL.

### 2. NJWPL Violation

The NJWPL "'governs the time and mode of payment of wages due to employees,' and is a remedial statute to be construed liberally." *Maia v. IEW Constr. Grp.*, 313 A.3d 887, 895 (N.J. 2024) (quoting *Hargrove*, 106 A.3d at 457). It "is designed to protect an employee's wages and to assure timely and predictable payment." *Hargrove*, 106 A.3d at 463. The NJWPL requires employers to pay wages at certain regular intervals. N.J. Stat. Ann. § 34:11-4.2. The statute provides that "every employee . . . shall have a right of civil action against any . . . employer for the full amount of his wages in any court of competent jurisdiction in this State." N.J. Stat. Ann. § 34:11-4.7. If an employer violates the statute, the NJWPL permits an employee to sue to recover the "full amount of his wages." *Id.*; *see also Portillo v. Nat'l Freight, Inc.*, No. 10-7908, 2022 WL 20782776, at *6 (D.N.J. June 9, 2022). "Like the NJWHL, the NJWPL defines 'employer' to include an individual with control over the entity or entities employing the plaintiff." *Morales*, 2022 WL 1718050, at *4 (citing N.J. Stat. Ann. § 34:11-4.1(a)).

Plaintiffs have alleged that Ortez "generally worked fifty (50) to fifty-five (55)[] hours per work week[,]" was paid $32.00 per hour for all hours worked, and "was not compensated at one- and one-half times his regular rate of pay for his hours worked in excess of forty (40), which he routinely worked every week." (Am. Compl. ¶¶ 31-33). Therefore, Plaintiffs state a viable claim under the NJWPL.

Accordingly, the Court finds that Plaintiffs have sufficiently alleged causes of action for FLSA, NJWHL, and NJWPL and the threshold requirements for default judgment have been met. The Court now turns to determining liability and damages.

### iv. **<u>Default Judgment is an Appropriate Remedy.</u>**

To determine whether granting default judgment is proper, the Court must make factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

Here, the Court finds that all factors weigh in favor of granting default judgment. First, the facts alleged provide no indication that Defendants have a meritorious defense. *See GP Acoustics, Inc. v. Brandnamez, LLC*, No. 10539, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) ("Defendant's failure to answer makes it practically impossible for the Court to determine whether the defendant has a meritorious defense.") (citation modified). Second, Plaintiffs have been prejudiced because Defendants have failed to timely respond to the Amended Complaint, and Plaintiffs have no other means of receiving owed payment without the Court granting default judgment. *See Peterson v. Boyarsky Corp.*, No. 8-1789, 2009 WL 983123, at *4 (D.N.J. Apr. 8, 2009) ("Plaintiffs will be prejudiced if no default judgment is entered, because they have no other means of vindicating their claim against [Defendants]."). Third, Defendants are presumptively culpable as they failed to respond to the Amended Complaint. *See Slover v. Live Universe, Inc.*, No. 8-2645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) ("Defendant is also presumed culpable where it has failed to answer, move, or otherwise respond.") (citation modified); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523 (3d Cir.

2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

Therefore, based on the foregoing reasons, the Court finds entry of default judgment against Defendants is proper. Accordingly, Plaintiffs' motion is **GRANTED** as to Defendants' liability.

### B. Plaintiffs are Entitled to Unpaid Overtime Wages and Liquidated Damages but Must Submit Supplemental Documentation for Attorneys' Fees and Costs.

"Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages." *Moroccanoil*, 2015 WL 6673839, at *2. "While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing as long as the court ensures that there is a basis for the damages specified in the default judgment." *Days Inns Worldwide, Inc. v. Panchal*, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015) (citation modified). In their motion, Plaintiffs seek $137,150.00 in unpaid overtime wages, $182,750.00 in liquidated damages, and $11,930.50 in attorneys' fees and costs. (*See generally* ECF No. 20). The Court addresses each category of damages in turn.

### i. Unpaid Overtime Wages

"The FLSA, NJWHL, and NJWPL each permit an employee to recover unpaid compensation in a suit against an employer." *Morales*, 2022 WL 1718050, at *5 (citing 29 U.S.C. § 216(b) (FLSA); *Delgado v. Auto Gallery LLC*, No. 20-18593, 2021 WL 5864064, at *5 (D.N.J. Dec. 10, 2021) (NJWHL); *Jones v. HESP Solar*, No. 20-13056, 2021 WL 1904734, at *5 (D.N.J. May 12, 2021) (NJWPL)). "A plaintiff seeking unpaid wages may avail himself of a burden-

shifting framework that accounts for an employer's duty under federal and state law to maintain accurate wage and hour records." *Id.* (citing 29 U.S.C. § 211(c); N.J. Stat. Ann. § 34:11-56a20).[1]

"First, the plaintiffs must provide evidence to show that they 'in fact performed work for which [they were] improperly compensated' and to show 'the amount and extent of that work as a matter of just and reasonable inference.'" *Id.* (quoting *United States ex rel. Int'l Bd. of Elec. Workers Loc. Union No. 98 v. Farfield Co.*, 5 F.4th 315, 350 (3d Cir. 2021)). "This burden can be discharged 'through estimates based on [the employee's] own recollection.'" *Id.* (quoting *Santiago*, 2016 WL 6138248, at *3); *see also Mondragon v. Sushitobox*, No. 22-3102, 2023 WL 5370245, at *3 (D.N.J. Aug. 22, 2023) ("To prove the amount of damages owed, Mondragon may '"establish that he performed work for which he was not properly compensated through estimates based on his own recollection.'" (quoting *Qingwei Ma. v. Chef Jon's Authentic Chinese Cuisine*, No. 22-3102, 2020 WL 6111037, at *4 (D.N.J. Oct. 16, 2020))). "The amount of unpaid overtime wages due to [the plaintiff] is based on his [or her] 'regular rate' of pay, the number of overtime hours he [or she] worked per week, and the number of weeks affected." *Mondragon*, 2023 WL 5370245, at *4 (citing 29 C.F.R. §§ 778.109, 778.113).

"Second, the burden shifts to the employer to produce evidence that sets forth 'the precise amount of work performed' or otherwise negates the inference arising from the employees' evidence." *Morales*, 2022 WL 1718050, at *5 (quoting *Fairfield Co.*, 5 F.4th at 350). "Where an employer has defaulted and the employees aver that they were never provided with information reflecting their exact weekly hours, affidavits approximating the employees' total hours can support a default judgment." *Id.*; *see also Santiago*, 2016 WL 6138248, at *3 ("In light of the

---

[1] According to Plaintiffs, "Ortez's recover under the NJWPL is the same as his recovery of unpaid overtime under the FLSA and the NJWHL. [] Ortez does not claim additional damages over and above his unpaid overtime claims." (Br. at 11).

14

FLSA's remedial purposes, an employee can meet his burden to establish that he performed work for which he was not properly compensated 'through estimates based on his own recollection.'" (quoting *Santillan v. Henao*, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011))).

Plaintiffs submitted affidavits outlining, in pertinent part, their position and duration working for Defendants, respective hourly rates of pay, and work hours per week. (*See* Affidavit of Oscar Ortez ("Ortez Aff."), ECF No. 20-2 at ¶¶ 4-6; Affidavit of Javier A. Sorto ("Sorto Aff."), ECF No. 20-3 at ¶¶ 4-6; Affidavit of Kelvin Ricardo Flores ("Flores Aff."), ECF No. 20-4 at ¶¶ 4-6; Affidavit of David Osorto ("Osorto Aff."), ECF No. 20-5 at ¶¶ 4-6; Affidavit of Franklin Castellanos ("Castellanos Aff."), ECF No. 21-1 at ¶¶ 4-6). Plaintiffs each attest that Defendants failed to pay them overtime wages for hours worked over forty (40) hours per week. (*See* Ortez Aff. ¶ 6; Sorto Aff. ¶ 6; Flores Aff. ¶ 6; Osorto Aff. ¶ 6; Castellanos Aff. ¶ 6). The Court therefore relies on Plaintiffs' affidavits to calculate their unpaid wages for services rendered to Defendants.

According to his affidavit, Ortez seeks damages for a total of 190 weeks from August 8, 2019, through March 2023. (Ortez Aff. ¶ 6). During that time, Ortez worked between fifty (50) to fifty-five (55) hours per week, at an hourly wage of $32.00.[2] (*Id.* at ¶ 5). Ortez's overtime should have been one and one-half times his hourly wage, i.e., $48.00. Therefore, Ortez is entitled to $45,600.00 in unpaid overtime wages, which is $16.00 (the difference between his overtime hourly wage and hourly wage already paid) multiplied by 15 hours, multiplied by 190 weeks. (*Id.* at ¶ 6)

Sorto seeks damages for a total of 175 weeks from August 8, 2019, through December 2022. (Sorto Aff. ¶ 6). During that time, Sorto worked between fifty (50) and sixty (60) hours per

---

[2] Ortez attests he worked between fifty (50) and fifty-five (55) hours per work week (Ortez Aff. ¶ 5), but then references fifteen (15) hours for his calculation of unpaid overtime wages. (*Id.* at ¶ 6). As Defendants have failed to contest this calculation, the Court will use fifteen (15) hours for its calculation.

15

week, at an hourly wage of $22.00.[3] (*Id.* at ¶ 5). Sorto's overtime should have been one and one-half times his hourly wage, i.e., $33.00. Therefore, Sorto is entitled to $28,875.00 in unpaid overtime wages, which is $11.00 (the difference between his overtime hourly wage and hourly wage already paid) multiplied by 15 hours multiplied by 175 weeks. (*Id.* at ¶ 6).

Flores seeks damages for a total of 138 weeks "[f]rom August 8, 2019, through in or about March, 2022[.]" (Flores Aff. ¶ 6). During that time, Flores worked between fifty (50) and sixty (60) hours per week, at an hourly wage of $22.00.[4] (*Id.* at ¶ 5). Flores's overtime should have been one and one-half times his hourly wage, i.e., $33.00. Therefore, Flores is entitled to $22,770.00 in unpaid overtime wages, which is $11.00 (the difference between his overtime hourly wage and hourly wage already paid) multiplied by 15 hours multiplied by 138 weeks.[5] (*Id.* at ¶ 6).

Osorto seeks damages for a total of 78 weeks "[f]rom October, 2021, through in or about March 2023[.]" (Osorto Aff. ¶ 6). During that time, Osorto worked between fifty (50) and sixty (60) hours per week, at an hourly wage of $28.00.[6] (*Id.* at ¶ 5). Osorto's overtime should have been one and one-half times his hourly wage, i.e., $42.00. Therefore, Osorto is entitled to $16,380.00 in unpaid overtime wages, which is $14.00 (the difference between his overtime hourly wage and hourly wage already paid) multiplied by 15 hours multiplied by 78 weeks. (*Id.* at ¶ 6).

Finally, Castellanos seeks damages for a total of 121 weeks "[f]rom August 8, 2019, through in or about March, 2022[.]" (Castellanos Aff. ¶ 6). During that time, Castellanos worked

---

[3] Sorto attests he worked between fifty (50) and sixty (60) hours per work week (Sorto Aff. ¶ 5), but then references fifteen (15) hours for his calculation of unpaid overtime wages. (*Id.* at ¶ 6). As Defendants have failed to contest this calculation, the Court will use fifteen (15) hours for its calculation.
[4] Flores attests he worked between fifty (50) and sixty (60) hours per work week (Flores Aff. ¶ 5), but then references fifteen (15) hours for his calculation of unpaid overtime wages. (*Id.* at ¶ 6). As Defendants have failed to contest this calculation, the Court will use fifteen (15) hours for its calculation.
[5] Flores attests in his affidavit that he is entitled to $22,700.00 (Flores Aff. ¶ 5). The Court calculates the proper amount as $22,770.00, which it uses for the damages calculation.
[6] Osorto attests he worked between fifty (50) and sixty (60) hours per work week (Osorto Aff. ¶ 5), but then references fifteen (15) hours for his calculation of unpaid overtime wages. (*Id.* at ¶ 6). As Defendants have failed to contest this calculation, the Court will use fifteen (15) hours for its calculation.

between fifty (50) and sixty (60) hours per week, at an hourly wage of $26.00.[7] (Castellanos Aff. ¶ 5). Castellanos's overtime should have been one and one-half times his hourly wage, i.e., $39.00. Therefore, Castellanos is entitled to $23,595.00 in unpaid overtime wages, which is $13.00 (the difference between his overtime hourly wage and hourly wage already paid) multiplied by 15 hours multiplied by 121 weeks. (*Id.* at ¶ 6).

### ii. Liquidated Damages

Sorto, Flores, Osorto, and Castellanos seek liquidated damages pursuant to the FLSA. (Br. at 11).[8] "Liquidated damages are presumed for [a] FLSA overtime violation," and "'[t]o avoid mandatory liability for liquidated damages, an employer must show that it acted in good faith and that it had reasonable grounds for believing that it was not violating the Act.'" *Saiyed v. Archon, Inc.*, No. 16-9530, 2021 WL 3561219, at *4 (D.N.J. Aug. 11, 2021) (quoting *Secretary U.S. Dep't of Labor v. Am. Future Sys., Inc.*, 873 F.3d 420, 433 (3d Cir. 2017)). As Defendants have failed to appear in this action, they have not submitted any evidence demonstrating their good faith or reasonable belief that they were not violating the FLSA. *Zuniga v. AM Framing LLC*, No. 21-8250, 2022 WL 203234, at *5 (D.N.J. Jan. 24, 2022) (citation modified). Therefore, Sorto, Flores, Osorto, and Castellanos are entitled to recover liquidated damages in the amount of unpaid overtime wages. Liquidated damages pursuant to the FLSA are as follows: (i) Sorto is entitled to $28,875.00 in liquidated damages (*see* Sorto Aff. ¶ 7); (ii) Flores is entitled to $22,770.00 in

---

[7] Castellanos attests he worked he worked between fifty (50) and sixty (60) hours per work week (Castellanos Aff. ¶ 5), but then references fifteen (15) hours for his calculation of unpaid overtime wages. (*Id.* at ¶ 6). Likewise, Castellanos attests that he seeks damages "[f]rom August 8, 2019, through in or about March, 2022," which spans anywhere from 134 weeks to 138 weeks. (*Id.*) However, Castellanos then references 121 weeks for his calculation of unpaid overtime wages. (*Id.*) Because Castellanos identifies an approximate "in or about" time period but a precise number of weeks, the Court uses the 121-week span specified. As Defendants have failed to contest this calculation, the Court will use fifteen (15) hours and 121 weeks for its calculation.
[8] For sake of clarity, when citing Plaintiffs' briefs and supporting documents, the Court cites to the page number listed in the ECF header. If there is no page number listed in the ECF header, the Court cites to the page number listed in the respective document.

liquidated damages (Flores Aff. ¶ 7); (iii) Osorto is entitled to $16,380.00 in liquidated damages (Osorto Aff. ¶ 7); and (iv) Castellanos is entitled to $23,595.00 in liquidated damages (Castellanos Aff. ¶ 7).[9]

Ortez requests the Court award him liquidated damages in the amount of 200 percent pursuant to the NJWHL and NJWPL. (Br. at 11). "Pursuant to the NJWHL, a plaintiff may recover the unpaid wages due to him, 'and an additional amount equal to not more than 200 percent of the unpaid minimum wages . . . as liquidated damages.'" *Zuniga v. AM Framing LLC*, No. 21-8250, 2022 WL 203234, at *5 (D.N.J. Jan. 24, 2022) (quoting N.J. Stat. Ann. § 34:11-56a25). Likewise, pursuant to the NJWPL, "a private party [has the right] to bring suit for lost wages and liquidated damages up to an amount equal to 200% of their actual damages, court costs, and attorney's fees." *Davis v. Erigere Rapidus Solutions ERS, Inc.*, No. 23-23279, 2024 WL 2795899, at *5 (D.N.J. May 31, 2024) (citing *Jones*, 2021 WL 1904734, at *5).

While Plaintiffs argue Ortez is entitled to liquidated damages under both the NJWHL and NJWPL, (Br. at 11), the Court notes Plaintiffs also asserted in their motion that "Ortez seeks his liquidated damages, not under the FLSA, but under the NJWHL" and "Ortez does not claim additional damages over and above his unpaid overtime claims." (*See id.*) As such, the Court finds Ortez is entitled to liquidated damages under the NJWHL in the amount of $91,200.00, which represents 200 percent of the unpaid overtime wages awarded to him. (*See* Ortez Aff. ¶ 7).

---

[9] The Court notes in Castellanos's affidavit of damage he attests that he is "entitled to liquidated damages in the amount of $47,190.00." (Castellanos Aff. ¶ 7). However, Castellanos then attests he is "entitled to $47,190.00" in total. Similarly, the proposed order asserts Castellanos should be awarded $47,190.00. (ECF No. 20-8). As Castellanos seeks liquidated damages pursuant to the FLSA, the Court finds he is entitled to liquidated damages in the amount of $23,595.00, which is 100 percent of his unpaid overtime wages.

### iii. **Attorneys' Fees and Costs**

Plaintiffs also seek attorneys' fees and costs under the FLSA, NJWHL, and NJWPL. (Br. at 11-12). The FLSA directs the court to "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The NJWHL provides that an employee may recover "costs and reasonable attorney's fees as determined by the court[.]" N.J. Stat. Ann. § 34:11-56a25. The NJWPL also authorizes an employee to recover "costs and reasonable attorney's fees as are allowed by the court[.]" N.J. Stat. Ann. § 34:11-4.10(c). "The Third Circuit uses, and the Supreme Court has endorsed, a 'lodestar' approach for calculating fees in FLSA cases." *Qu Wang*, 2018 WL 1027446, at *5 (citing *Maldonado v. Luca*, 636 F. Supp. 621, 628 (D.N.J. 1986); *see also Souryavong v. Lackawanna Cnty.*, 872 F.3d 122, 128 (3d Cir. 2017) (in an FLSA case, explaining that the lodestar approach, where "the number of hours worked multiplied by the prevailing hourly rate," carries a strong presumption of reasonableness).

However, Plaintiffs "do[] not provide any bills or invoices to support" their request for attorneys' fees and costs. *BMO Harris Bank, N.A. v. Naileen Transp. Corp.*, No. 21-14002, 2021 WL 5506911, at *4 (D.N.J. Nov. 19, 2021). The attorney declaration submitted in support of the default motion states: "(Please see attached time entries, redacted and cost entries)," but no such documentation is included in the submission before the Court. (*See* ECF No. 20-7 at 1). As such, there are no details before the Court regarding the amount requested in attorneys' fees and costs, and as such, the Court is incapable of determining whether Plaintiffs' request for attorneys' fees and costs is reasonable and appropriate. *See id.*; *see also* L. Civ. R. 54.2(a) (providing that an attorney seeking fees must provide a description of the services rendered, including the date of service, the billing rate, and who performed the work). Plaintiffs are provided leave to submit documentation to support its attorneys' fees and costs pursuant to Local Civil Rule 54.2.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for default judgment (ECF No. 20) is **GRANTED**. Plaintiffs are entitled to the following damages: (i) Ortez is awarded $136,800.00, which is comprised of $45,600.00 in unpaid overtime compensation and $91,200.00 in liquidated damages; (ii) Sorto is awarded $57,750.00, which is comprised of $28,875.00 in unpaid overtime compensation and $28,875.00 in liquidated damages; (iii) Flores is awarded $45,540.00, which is comprised of $22,770.00 in unpaid overtime compensation and $22,770.00 in liquidated damages; (iv) Osorto is awarded $32,760.00, which is comprised of $16,380.00 in unpaid overtime compensation and $16,380.00 in liquidated damages; and (v) Castellanos is awarded $47,190.00, which is comprised of $23,595.00 in unpaid overtime compensation and $23,595.00 in liquidated damages. The Court **RESERVES** decision on attorneys' fees and costs pending the Court's review and receipt of supplemental submissions as instructed herein. An appropriate Order accompanies this Opinion.

DATED: July 31, 2025

HONORABLE JULIEN XAVIER NEALS
United States District Judge